# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

ROBERTA W.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. C19-5464 BAT

**ORDER AFFIRMING THE COMMISSIONER**

Plaintiff appeals the portion of the ALJ's decision finding her "disability ended on November 1, 2016." Tr. 71. The ALJ found since November 1, 2016, lymphedema and history of breast cancer were serious impairments; plaintiff has the residual functional capacity (RFC) to perform medium work limited to occasional climbing of ladders, ropes or scaffold, pushing and pulling bilaterally and reaching and handling with the non-dominant left upper extremity; and plaintiff is not disabled because she can perform past relevant work as a cleaner, housekeeper. Tr. 70-80.

Plaintiff contends the ALJ erred by (**1**) failing to fully credit her testimony and (**2**) failing to fully develop the record. Dkt. 10. The Court finds the ALJ did not harmfully err and therefore **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case.

**DISCUSSION**

The Court will reverse the ALJ's decision if it is unsupported by substantial evidence or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The Court may not reverse the ALJ's decision where errors committed are harmless. *Id.* at 1111. Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

**A.     Plaintiff's Testimony**

Plaintiff argues the ALJ erred in discounting her testimony that after her left mastectomy surgery, she must wear a compression sleeve on her left arm due to lymphedema, and that her doctors instructed her she must always keep her arm straight "to keep the wrinkles out of her arm." Dkt. 10 at 3. The ALJ noted plaintiff testified that besides the compression sleeve, "she has no other treatment for lymphedema." Tr. 77. The ALJ rejected plaintiff's testimony as inconsistent with the medical and other evidence of record. Tr. 78.

The ALJ found plaintiff in January 2017, was prescribed the compression sleeve due to arm swelling after plaintiff had carried multiple grocery bags. *Id.* Thereafter, the swelling and pain decreased. *Id.* Before carrying the grocery bags, plaintiff's treating doctor reported her "prior level of function was noted to be 'normal ADLS without limitations." *Id.* (citing Tr. 535). Plaintiff's doctors noted in follow-up examinations that with massage plaintiff's pain had resolved and plaintiff was doing well overall and had no specific complaints. *Id.* (citing Tr. 537). The ALJ also found plaintiff's doctor examined her and noted "Extremities normal. Mild LUE lymphedema." *Id.* (citing Tr. 539).

The ALJ also found in February 2017, plaintiff told her doctors she felt "her swelling is about the same, not noticing it too much," *id.,* and that treatment notes indicated plaintiff "is doing well with some minor tightness in the upper chest area, but is otherwise doing well." *Id.* (citing Tr. 544). The ALJ noted in March 2017, plaintiff told her doctor "her arm has been feeling good," and her doctor discharged her rom physical therapy. *Id.* (citing Tr. 551). Later that month, plaintiff's doctor's noted plaintiff "feels quite well." Tr. 554. Plaintiff's last treatment note in June 2017 indicated plaintiff has "been feeling well," and that her left arm lymphedema was "stable to improved." Tr. 677-78.

The ALJ rejected plaintiff's testimony she must keep her left arm straight in the compression sleeve because her doctors told her to do so. The ALJ found the medical record shows "no doctor articulated any restriction on the use of the arm and the medical records do not reflect any concern about bending the left arm." Tr. 78. The ALJ found while plaintiff needs to wear the sleeve to control swelling and may be correct "extended bending could start to cause problems" a RFC that limits plaintiff's "left non-dominant arm use to 1/3 or less of the workday" accommodates limitations associated with her left arm. *Id.* The ALJ also noted the vocational expert testified plaintiff could perform her past work by compensating "with greater use of the dominant arm." Tr. 79.

Plaintiff contends the ALJ rejected her testimony without giving clear and convincing reasons. Dkt. 10 at 4. The record does not support the argument. Plaintiff acknowledges, there is nothing in the medical record indicating her doctors ordered she keep her arm straight. *Id.* This inconsistency is a valid basis for the ALJ to discount a claimant's testimony. *Thomas v. Barnhart*, 278 F.3d 947, 958–59 (9th Cir. 2002) (ALJ may discount a claimant's testimony based on inconsistencies in the testimony and medical evidence); *see also* SSR 16-3p, 2017 WL

5180304, at *6 ("If an individual's statements about the intensity, persistence, and limiting effects of symptoms are inconsistent with the objective medical evidence and the other evidence, we will determine that the individual's symptoms are less likely to reduce his or her capacities to perform work-related activities.").

Plaintiff disagrees the medical evidence is inconsistent with her testimony arguing it is reasonable to assume, given her treatment, she must keep her arm straight while wearing the compression sleeve. Dkt. 10 at 5-6. The record does not support this line of reasoning. First, there is no dispute plaintiff needs to wear the compression sleeve and the ALJ so found. Second, there is no dispute there is nothing in the record indicating a doctor directed plaintiff keep her arm straight while wearing the sleeve. Third, there is no question plaintiff's medical record showed she was doing well and the lymphedema of her right arm stabilized and improved over time. And fifth, there is nothing in the medical record indicating plaintiff's use of her left arm is as limited as she claims. And sixth, this is not a case in which the ALJ found plaintiff has no left-arm limitations. Rather the ALJ recognized plaintiff's lymphedema imposed some limitations and thus limited her to occasional (up to 1/3 of the day) use of the arm.

Plaintiff's argument the Court assume her testimony comports with the medical evidence thus does not stack up. Plaintiff asks the Court to rule in her favor based upon an "assumption," which the Court deems is not an appropriate basis to render judgment. She argues that the ALJ unreasonably assumed that because the limitation was not contained in her treatment notes that the limitation is something plaintiff's doctors did not express. Dkt. 12 at 1. This argument is an alternative interpretation of the evidence; as noted above even assuming the evidence is susceptible to more than one reasonable interpretation, the Court must uphold the ALJ's determination. This is because the Court cannot say it was unreasonable for the ALJ to find the a

lack of medical documentation cuts against plaintiff's testimony. The Court accordingly affirms the ALJ's rejection of plaintiff's testimony.

**B.      Expansion of the Record**

Plaintiff argues "if the ALJ felt that the record was ambiguous" on whether her doctors directed she keep her arm straight while wearing the compression sleeve, the "ALJ had a duty to inquire." Dkt. 10 at 6. The ALJ did not indicate the medical record was ambiguous and as noted above, the record regarding plaintiff's course of treatment, her medical improvement regarding her arm, and the lack of any medical opinion indicating she suffers the limitation she claims is clear, not ambiguous. The record clearly lacks any indication from any doctor that plaintiff must keep her arm straight at all times while wearing the compression sleeve. The argument thus fails. Absent an indication from the ALJ the medical record was ambiguous and absent a record that is inadequate to properly evaluate the evidence, the ALJ has no duty to "conduct an appropriate inquiry." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

Plaintiff also argues she believes her testimony is adequate and the ALJ's determination to reject her testimony creates an ambiguity in the record that compels the ALJ to further develop the record. Plaintiff cites to no authority supporting this proposition and the Court finds the position untenable in any event. If the ALJ's rejections of a claimant's testimony creates an ambiguity, as plaintiff suggests, then the ALJ must in every case further develop the record whenever the testimony of a claimant is discounted. However, the ALJ is entitled to discount a claimant's testimony and when the ALJ does so properly, the ALJ bears no additional responsibility to further develop the record.

The Court accordingly rejects the argument and affirms the Commissioner's final decision finding plaintiff not disabled for the relevant time period set forth in this case.

## CONCLUSION

For the reasons above, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

DATED this 24th day of October, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge